John W. ROGERS and Creta B. Rogers, Appellants,

v.

UNITED STATES of America, Appellee.

No. 16851.

United States Court of Appeals Ninth Circuit.

April 3, 1961.

Eli Grubic, of Grubic, Drendel & Bradley, Reno, Nev., for appellants.

Charles K. Rice, Asst. Atty. Gen., and Meyer Rothwacks and Douglas A. Kahn, Department of Justice, Washington, D. C., Howard W. Babcock, U. S. Atty., and Chester C. Swobe, Asst. U. S. Atty., Reno, Nev., Kenneth E. Levin, Atty. Dept. of Justice, Washington, D. C., for appellee.

Before STEPHENS, CHAMBERS and HAMLEY, Circuit Judges.

PER CURIAM.

The judgment of the trial court is affirmed in that its findings on the facts are not clearly erroneous.

The taxpayers probably have been maneuvered by their purchaser into a big tax disadvantage. But, when in their second option, they agreed in writing after negotiation to the assignment of some $60,900 as consideration for a covenant not to compete, the trial court could refuse to go behind the agreement and uphold the commissioner in treating the sum as ordinary income. We find Hamlin's Trust v. Commissioner, 10 Cir., 209 F.2d 761, pertinent and a case that should be followed here.

Had there been any equivocation or any confusion as to what was done, then taxpayers would have had a far different case. Third parties may question the resolutions of parties to a contract, but in the absence of fraud it is not ordinarily open to the bargainers to do so. Cf. Gray v. Powell, 314 U.S. 402, 414, 62 S.Ct. 326, 86 L.Ed. 301.